Town of Mount Pleasant v Legion of Christ (2003 NY Slip Op 51725(U))

[*1]

 Town of Mount Pleasant v Legion of Christ

2003 NY Slip Op 51725(U)

Decided on December 16, 2003

Supreme Court, Westchester County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 16, 2003

Supreme Court, Westchester County
 TOWN OF MOUNT PLEASANT, Plaintiff,
against
LEGION OF CHRIST, INC., Defendant.
Index No. 14047/97

THACHER PROFFITT & WOOD
50 Main Street
White Plains, New York 10606
Attorneys for Plaintiff
SHAMBERG MARWELL, HOCHERMAN
DAVIS & HOLLIS, P.C.
55 Smith Avenue
Mt. Kisco, New York 10549
Attorneys for Defendant

W. DENIS DONOVAN, J.
Upon remand from the Appellate Division, this court conducted a bench trial on September 16, 17, and 18, 2003. Based on the entire record, including the testimony and exhibits adduced at the trial, and the following post-trial submissions, the court issues the following post trial decision:
FINDINGS OF FACT REGARDING ALLEGED ZONING VIOLATIONS
1) Plaintiff Town of Mount Pleasant is a municipal corporation organized and existing under the laws of the State of New York within whose geographical boundaries Defendant's property is situated. The Town has its own zoning ordinance in which was established the Office Business-Corporate Education ("OB-CE") classification and a singular zoning district (the "OB-CE Zone") within which the subject 97-acre parcel (the "Property") is located. The Property is the only property in the entire Town located in the OB-CE Zone. Plaintiff's Assessor denied Defendant's application for tax-exempt status for the property, and a Board of Assessment Review affirmed the Assessor's denial on the grounds of alleged non-compliance with the Town's zoning ordinance.
2) Defendant Legion of Christ, Inc. is a recognized international religious Order of the Roman Catholic Church and a not-for-profit corporation organized under the laws of the State of New York. It currently has almost 600 priests and approximately 2,700 men in formation in nineteen countries worldwide. Founded in 1941, the Legion's mission is "to form . . . lay people to take their role within the [C]hurch and within society to help build this Christian society." In furtherance of its mission, the Legion owns and/or operates several universities, schools, retreat [*2]centers, houses for consecrated women, centers of formation for men and women, and centers of apostolic.
3) The Property at issue is a 97-acre parcel on the northerly side of Columbus Avenue in the Town of Mount Pleasant, which Defendant purchased (together with an adjacent unimproved 168-acre parcel) from International Business Machines ("IBM") in December 1996. The adjacent parcel is not the subject of this action. At the time it purchased the Property from IBM, Defendant also purchased the entire inventory of furniture and equipment that had been used by IBM at the Conference Center.
4) The Property is improved with a 282,000 square foot conference center with three wings, including 250 bedrooms, classrooms, an auditorium, a dining room facility, a gymnasium and offices. There is also a 48,000 square foot office building on the Property, together with parking areas to serve both facilities. IBM constructed all buildings and improvements.
5) Until June, 1983, the Conference Center was zoned "OB-1 General Office Building District." In May, 1983, IBM petitioned the Mount Pleasant Town Board to rezone approximately 87 acres of its site from the OB-1 District to a new zoning designation  a "Corporate Technical Institute (CTI)" district  to permit IBM to construct the conference center where it could operate an in-house continuing education program, and an office building. IBM also requested the right to establish offices for its resident staff, classrooms, a library, resident facilities for approximately 250 students, and recreational facilities.
In June, 1983, the Town Board granted IBM's request and created the OB-CE District, in which education, conference and training facilities were allowed, and mapped the requested 87 acres for this designation. The specific activities and improvements authorized in the OB-CE District as of right included "private corporate" continuing education activities and facilities, classrooms, offices, indoor and outdoor physical recreational facilities, and housing and dining facilities for the exclusive use of IBM.
 The OB-CE zone was expanded from 87 acres to 97 acres.
 The only special permit use allowed in the OB-CE District as adopted was "office building uses" in accordance with the standards and provisions of the OB-1 District; there is no provision for a special permit for a seminary or private college in the OB-CE Zone.
After obtaining site-specific approvals from the Planning Board, IBM constructed the Conference Center and the office building on the Property together with parking to satisfy the requirements of both buildings.
6) Due to decreasing utilization of the Conference Center for its own purposes, IBM petitioned the Town Board in June, 1992, to amend the provisions of the OB-CE Zone to expand the utilization of the existing facility by allowing its use by other than IBM employees for a broader range of types of education, requesting that the reference to "private, corporate training facilities" in the Ordinance be replaced with "conference and training facilities" and that the facility be allowed to be used for the training of "employees of major corporations and others."
The Town granted IBM's petition in February, 1993, and amended the OB-CE Regulations to the form in which they exist today.
Section 218-74 of the Zoning Ordinance identifies as one of the purposes of the OB-CE [*3]District

"to provide office, housing, dining and conference facilities in an appropriate physical setting to adequately advance, support, serve and benefit the education of the employees of major corporations and others."
The Schedule of Regulations for the OB-CE Zoning District specifically enumerates the following activities and facilities as being permitted in the District:
1. Conference and training facilities to include but not be limited to:
(a)Continuing education activities and facilities;
(b) Classroom space and teaching equipment;
(c) Offices for staff.
2. Indoor and outdoor physical recreational facilities;
3. Housing and dining facilities provided that such facilities are not operated as a public hotel or public restaurant as defined in §218-74.F.

There was no change to the special permit use in the OB-CE Zone at the time of this amendment.
7) From 1983 until 1993, IBM used the classrooms, library and meeting rooms in the Conference Center for long-term, in-house technical training of its employees.

From the amendment of the Zoning Ordinance in 1993 to its sale of the property to Defendant in 1996, IBM continuously leased portions of the Conference Center facility to both commercial business corporations and not-for-profit and religious corporations including Columbia University, a number of community school districts, LaGuardia Community College, and the Lutheran Brotherhood, for their training and continuing programs. During this same time, IBM continued to offer courses at the Center, albeit on a reduced scale. The duration of such conferences ranged from 4 weeks to 6 months. The Town never objected to the length of the participants' stay at the Conference Center.
8) Shortly after closing title on its purchase of the Conference Center including its furniture and equipment in December, 1996, Defendant commenced its training, conference and education programs at the Property. Its programs provided, and continue to provide, training, education and conferences for ordained Legionaire priests, Brothers in Formation, Diocesan priests and lay people for their duties as advocates of the principles of the Catholic Church. The subject matter of such instruction, conferences and seminars includes the social teaching of the Catholic Church, faith and life issues, modern religious and contemporary faith issues, philosophy and theology, human and spiritual development, Pastoral Training, internship training, missionary work, evangelization techniques, marriage preparation (Pre-Cana) and renewal, foreign languages, metaphysics, logics, epistemology, social ethics, general ethics, natural theology, intellectual virtues, law and the common good and God, man and philosophy. 
Defendant's programs have been offered to and attended by a wide array of individuals, including priests, lay people, married couples, engaged couples, and others.
[*4]
Like the participants in the IBM programs, the participants in Defendant's programs at the Conference Center do not have a uniform length of stay. The participants' duration of stay varies according to the type of program and the group to which it is offered.
Defendant's education and training programs and conferences are held in the same classrooms and conference rooms that IBM used for the same purposes. The participants utilize the same indoor and outdoor recreational facilities, housing and dining facilities, and even the same furnishings used by IBM for its conference and training center activities.
Plaintiff did not contest Defendant's evidence as to its use of the Property. In fact, Plaintiff's Supervisor candidly admitted during trial that he has never been on the Property since Defendant purchased it and has no independent knowledge of the nature and types of activities and programs occurring at the Conference Center and Plaintiff offered no testimony from any other person familiar with Defendant's use.
Defendant has made no structural changes or additions to the Conference Center.
Defendant's use of the Property complies in all respects with the OB-CE Zoning Regulations.
Defendant's use of the Property is identical in all material respects to IBM's use of the Property, with only a de minimus difference in the length of stay of some of the program participants, which is irrelevant and immaterial to the issue before this Court. The OB-CE Regulations contain no limitation on the duration of the programs conducted at the Center, or concomitantly, the length of the stay of the participants.
Private colleges and seminaries are not permitted uses in the OB-CE Zoning District, either by special permit or otherwise.
Defendant is not using the Property as a private college because Defendant is not authorized to grant educational or vocational degrees by the State of New York; because Defendant has applied for approval to construct a four-year liberal arts degree-granting university on its adjacent parcel of real property; and because the Brothers in Formation who study at the Conference Center do not become entitled to receive any degree as a result of having studied for an indeterminate period of time at the Conference Center.
Defendant is not using the Property as a seminary because it is a center of formation for members of the Legion of Christ congregation, where students study philosophy, theology and other topics, for an indefinite period of time during their formation process, do not receive a recognized degree, and are not ordained as priests upon their completion of their studies.[FN1]
[*5]
At all relevant times, the Office Building on the Property has been occupied for permitted office purposes. 
CONCLUSIONS OF LAW REGARDING ALLEGED ZONING VIOLATIONS
9) The OB-CE Regulations permit the operation of a training, education and conference center by a not-for-profit entity, such as Defendant.
Defendant's use of the Conference Center is for the training and education of Diocesan priests, lay people, ordained Legionaires and Brothers in Formation. Its use conforms in all respects to the provisions of the OB-CE Regulations and is permitted in that District.
 Seminaries and private colleges are not permitted by special permit in the OB-CE Zone, or otherwise.
Plaintiff has failed to prove either by a preponderance of the evidence, or by clear and convincing evidence, that Defendant is using the Conference Center as a seminary or private college or in violation of the provisions of the OB-CE Regulations.
FINDINGS OF FACT REGARDING ALLEGED VIOLATION OF RLUIPA 
1) Defendant is a religious assembly or institution under RLUIPA whose interstate and international activities affect interstate commerce.
2) The OB-CE Regulations are land use regulations subject to RLUIPA, which limit and restrict Defendant's use of the Property.
3) Plaintiff is a municipality created under the authority of the State as regulated by RLUIPA.
4) Defendant uses the Property in the fulfillment of its mission to train and educate lay and ordained people in the Catholic faith and, thus, as part of its religious exercise.
 5) Plaintiff's interpretation, implementation and enforcement of the OB-CE Regulations to preclude Defendant from training the Brothers and others at the Conference Center substantially burdens the exercise of religion by Defendant and others. Plaintiff's interpretation, implementation and enforcement of the OB-CE Regulations prohibit Defendant from pursuing an integral aspect of its mission and from engaging in conduct central to its religious beliefs. Stated differently, under Plaintiff's interpretation, Defendant could not train the Brothers and others at the Conference Center or conduct conferences and would thereby have to modify an important aspect of its religious practice in order to avoid violating the Ordinance.
6) Conference Centers are not permitted in any other Zoning District in the Town. Thus, an interpretation of the OB-CE Regulations in a way that denies Defendant the right to hold conferences and seminars for Catholic laity and religious, will prevent Defendant from pursuing [*6]its formation mission in the Town.
7) If Plaintiff's interpretation of the OB-CE Regulations is upheld, Defendant is left with the untenable option of violating the law or abandoning an important part of its mission.
8) The trial evidence showed conclusively that IBM's and the Legion's respective uses of the Property are the same in every material respect and that the Town treats the Legion on less than equal terms with IBM, a non-religious assembly.
9) The only "compelling governmental interests" identified by Plaintiff at trial to justify its unequal enforcement of the OB-CE Regulations against the Legion is the alleged need to protect the community from a purported "per se" detriment to the community's welfare that supposedly results from an alleged violation of an ordinance and the loss of tax revenues. Plaintiff agreed that there was no detriment to the health and/or safety of the residents of the Town.
10) Based on the uncontroverted evidence introduced at trial, no aspect of Defendant's use contravenes the provisions of the OB-CE Regulations or is detrimental to the health, safety or welfare of the citizens of the Town. On the contrary, Defendant's use is less intrusive to and burdensome on the Town than IBM's use of the Property as a result of less frequent changeover in some of the participants staying at the Conference Center.
CONCLUSIONS OF LAW REGARDING ALLEGED VIOLATIONS OF RLUIPA
11) Defendant sustained its burden of establishing a prima facie case of a violation of RLUIPA.
12) Unspecified detriments to the community because of an alleged and unfounded violation of a zoning law and the loss of tax revenues are not "compelling governmental interests" supporting Plaintiff's interpretation, implementation and/or enforcement of the OB-CE Regulations in such a manner as treats a religious assembly on less than equal terms with a non-religious entity.
13) Plaintiff failed to sustain its burden of proving that its interpretation, implementation and/or enforcement of the OB-CE Regulations advances a compelling governmental interest, as required under RLUIPA.
14) Defendant is entitled to a judgment that Plaintiff's interpretation, implementation and/or enforcement of the OB-CE Regulations violate RLUIPA; an injunction enjoining Plaintiff from interfering with Defendant's use of the Conference Center to train and educate Catholic lay people and religious any further; and an award of attorney's fees pursuant to 42 U.S.C. Section 1988 (b), in an amount to be determined upon further proceedings before this Court.
Counsel are directed to settle judgment consistent with the foregoing.
Counsel are further directed to pick up their own exhibits within seven days of the entry of this other, otherwise the exhibits will be discarded.
[*7]
E N T E R :

HON. W. DENIS DONOVAN
Justice Supreme Court
Dated: December , 2003
White Plains, New York
To:THACHER PROFFITT & WOOD
50 Main Street
White Plains, New York 10606
 Attorneys for Plaintiff
SHAMBERG MARWELL, HOCHERMAN
DAVIS & HOLLIS, P.C.
55 Smith Avenue
Mt. Kisco, New York 10549
Attorneys for Defendant
Decision Date: December 16, 2003
Footnotes

Footnote 1: It is ludicrous to call an institution a college, where such courses are offered as enumerated in Defendant's trial exhibit T, where no degree is conferred, and where no Brother in Formation or any other person in attendance resides but two years or less.
Brothers are not professed at this institution.
Of all the Holy Orders the Catholic Church requires for the priesthood, i.e., Initiation, Lector, Acolyte, Deaconate, and Holy Orders Ordination, plus all additional religious vows, i.e., poverty, chastity, obedience, et al., none of these are conferred at this institution. This court has never heard of a seminary that requires less than six to eight years of intensive study within its walls and where steps toward the priesthood and degrees are progressively conferred.